UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| DEAN ERLING,<br>　　　　　　　　Plaintiff,<br>　vs.<br>UNITED STATES OF AMERICA,<br>　　　　　　　　Defendant. | NO. 2:21-cv-01246<br><br>**COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES** |

COME NOW the Plaintiff, above-named, by and through his attorneys of record, Max Meyers Law PLLC and for cause of action against the Defendant, allege and state as follows:

## I. STATUS OF THE PARTIES

1.1　Plaintiff Dean Erling resides in Snohomish, Washington.

1.2　The Department of Homeland Security – Federal Protection Services (DHS) is an agency of Defendant United States of America. The claims asserted herein against the DHS are treated at law as claims against the United States of America.

## II. JURISDICTION AND VENUE

2.1　On March 5, 2021, Plaintiff emailed federal tort claims to Camrin D. Emmons, Senior Administrative Specialist, Office of the General Counsel, U.S. Department of Homeland

COMPLAINT FOR DAMAGES
FOR PERSONAL INJURIES - 1 -

**MAX MEYERS LAW PLLC**
19515 N. Creek Pkwy, Ste. 204
Bothell, WA 98011
(425) 485-2454

Security, at ogc@HQ.DHS.GOV. A true and correct copy of the March 8, 2021 email from Frank R. Levi, Attorney Advisor – Federal Protective Services, with the DHS acknowledging receipt of the federal tort claims is attached as **Exhibit A**. The email from Frank R. Levi states that the tort claims were received by the DHS on March 5, 2021, "which will serve as the official date of filing in accordance with the Federal Tort Claims Act (FTCA)." In a second email on March 8, 2021 Frank R. Levi states that that "Under the FTCA federal agencies have 6 months to review the claim during which time filing suit is prohibited." A true and correct copy of the second March 8, 2021 email from Frank R. Levi, Attorney Advisor – Federal Protective Services, is attached as **Exhibit B**. More than six months have passed since March 5, 2021, and the Department of Homeland Security has failed to respond to the tort claims other than the two emails from Frank Levi on March 8, 2021. Pursuant to 28 U.S.C. § 2675(a), Plaintiff opts to deem the Department of Homeland Security's failure to make a final disposition of the claims within six months after they were filed as a final denial of the claims and proceed with the filing of this lawsuit.

2.2     The federal tort claims referenced above concerned the circumstances and injuries alleged herein.

2.3     The United States District Court has original jurisdiction over the subject matter of the claims asserted herein against the United States of America (DHS).

2.4     Venue for this matter exists in the United States District Court for the Western District of Washington at Seattle, because the Plaintiff reside within this judicial district, and the acts and omissions that are the subject matter of this lawsuit occurred within this judicial district.

///

///

COMPLAINT FOR DAMAGES
FOR PERSONAL INJURIES - 2 -

MAX MEYERS LAW PLLC
19515 N. Creek Pkwy, Ste. 204
Bothell, WA 98011
(425) 485-2454

**III. FACTS FORMING THE BASIS FOR LIABILITY**

3.1     September 17, 2019 was a typical fall day in Seattle, clouding and raining. Plaintiff Dean Erling was on his way to work at Starbucks headquarters. Since he commuted from Snohomish, Washington he rode his motorcycle to work as was his normal routine.

3.2     On his way to work, shortly after 10:00 a.m., Mr. Erling was traveling westbound on S. Lander Street in SODO. He came to a stop for a red light at the intersection of S. Lander Street and E3 Busway. There was also a light rail train crossing at the same time and Mr. Erling was stopped behind the railroad crossing crossbar. The light train was traveling southbound on the eastside of the E3 Busway.

3.3     At the same time, a DHS Ford SUV driven by Joseph Bawden was traveling northbound on the E3 Busway at a high rate of speed but without his emergency lights or sirens on.

3.4     As Mr. Bawden approach the intersection of S. Lander Street and E3 Busway the light was yellow and turned red before he entered the intersection.

3.5     Mr. Bawden unsafely accelerated to 45 MPH, in a 35 MPH zone, in an effort to beat the red light. Mr. Bawden failed to beat the red light as the light was red when he entered the intersection.

3.6     The railroad crossbar raised and then Mr. Erling saw his light turn green so he proceeded to cross the intersection at S. Lander Street and E3 Busway, at which time his motorcycle was struck by the DHS SUV driven by Mr. Bawden.

3.7     A video camera on the rear of the light rail train captured the collision. The DHS SUV driven by Mr. Bawden can be seen approaching the intersection and the traffic signal can be

COMPLAINT FOR DAMAGES
FOR PERSONAL INJURIES - 3 -

**MAX MEYERS LAW PLLC**
19515 N. Creek Pkwy, Ste. 204
Bothell, WA 98011
(425) 485-2454

seen going from green, to yellow to red before he enters the intersection.

3.8     Consistent with the video footage, eyewitness Philip Thangsombat stated that he believed Mr. Erling had the green light and Mr. Bawden was barreling through the intersection as a high rate of speed and hit the motorcycle.

3.9     Joseph Bawden was acting within the course and scope of his employment with the United States Department of Homeland Security on or about September 17, 2019 when he was involved in the motor vehicle collision with Mr. Erling.

3.10    RCW 46.61.050 provides as follows: "The driver of any vehicle, a person operating a bicycle, and every pedestrian shall obey, and the operation of every personal delivery device shall follow, the instructions of any official traffic control device applicable thereto, …"

3.11    RCW 46.61.055 provides as follows: "Whenever traffic is controlled by traffic control signals exhibiting different colored lights, or colored lighted arrows, successively one at a time or in combination, only the colors green, red and yellow shall be used, except for special pedestrian signals carrying a word or legend, and said lights shall indicate and apply to drivers of vehicles, pedestrians, and personal delivery devices, as follows:  …

(3) Steady red indication

(a) Vehicle operators facing a steady circular red signal alone shall stop at a clearly marked stop line, but if none, before entering the crosswalk on the near side of the intersection or, if none, then before entering the intersection control area and shall remain standing until an indication to proceed is shown."

3.12    Mr. Bawden failed to stop for a red light and failed yield the right of way to Mr. Erling.

COMPLAINT FOR DAMAGES
FOR PERSONAL INJURIES - 4 -

**MAX MEYERS LAW PLLC**
19515 N. Creek Pkwy, Ste. 204
Bothell, WA 98011
(425) 485-2454

3.13   The negligence of DHS employee Joseph Bawden was a proximate cause of the collision and the resulting injuries and damages the Plaintiff.

3.14   Defendant United States of America is liable for the negligence of DHS employee Joseph Bawden.

3.15   Mr. Erling was thrown from his motorcycle as a result of the impact. His body was thrown into the air and he landed on the pavement.

3.16   Mr. Erling suffered a type 3 open fracture of the tibia and fibia with a degloving wound of approximately 15 cm x 5 cm in size on his left lower leg; fracture of his right fibular head and LCL knee ligament rupture; and type 5 AC separation/dislocation of left shoulder. His leg fractures, knee, and shoulder injuries required surgical treatment. The left leg also required skin and muscle grafts. Mr. Erling also had injuries to his right wrist as well as cellulitis and necrosis of left lower leg.

**IV. DAMAGES**

4.1   As a direct and proximate result of Defendant's tortious conduct, Plaintiff Dean Erling sustained injures, damages and losses, including but not limited to:

   a.  Economic

       i.  Medical Expenses, both past and future;

      ii.  Loss of earnings, both past and future;

     iii.  Impairment of earning capacity;

     iv.  Other out-of-pocket expenses; and

      v.  Other recoverable economic damages, all in amounts to be proven at trial.

   b.  Non-economic

       i.  Past and future pain;

FOR PERSONAL INJURIES - 5 -

MAX MEYERS LAW PLLC
19515 N. Creek Pkwy, Ste. 204
Bothell, WA 98011
(425) 485-2454

      ii.    Past and future physical and emotional suffering;

      iii.   Past and future disability;

      iv.   Past and future disfigurement and scarring;

      v.    Past and future loss of enjoyment of life;

      vi.   Other recoverable non-economic damages, all in amounts to be proven at the time of trial.

## V. PRAYER FOR RELIEF

Based upon the foregoing, Plaintiffs pray for judgment against Defendant as follows:

a. A judgment of liability against the Defendant for the Plaintiffs' injuries and losses;

b. Compensation for all economic losses sustained by the Plaintiffs, past and future;

c. Compensation for all non-economic losses sustained by the Plaintiffs, past and future;

d. Pre-judgment interest, to the extent permitted by law;

e. Reasonable and statutory attorney's fees and costs to the extent permitted by law; and

f. Such other and further relief as the Court deems just.

DATED this 13th day of September, 2021.

    MAX MEYERS LAW PLLC

    /s/ *Max J. Meyers*
    Max J. Meyers, WSBA No. 28215
    Max Meyers Law PLLC
    19515 N. Creek Pkwy, Ste. 204
    Bothell, WA 98011
    (425) 485-2454
    (425) 485-2467 Fax
    max@maxmeyerslaw.com
    Attorneys for Plaintiff

COMPLAINT FOR DAMAGES
FOR PERSONAL INJURIES - 6 -

MAX MEYERS LAW PLLC
19515 N. Creek Pkwy, Ste. 204
Bothell, WA 98011
(425) 485-2454

**Max Meyers**

| | |
|---|---|
| **From:** | Levi, Frank <Frank.Levi@fps.dhs.gov> |
| **Sent:** | Monday, March 8, 2021 11:29 AM |
| **To:** | Naomi Arin |
| **Cc:** | Max Meyers; Richard Buquing |
| **Subject:** | FW: SF95 claim to the Department of Homeland Security-Federal Protective Service pursuant to the FTCA. |
| **Attachments:** | TRR0116-R1098 report 2019-347773.pdf |

Ms. Arin

I am in receipt of the claim that you filed on behalf of your client Dean Erling.  The claim was received by the Department of Homeland Security on 3/5/2021, which will serve as the official date of filing in accordance with the Federal Tort Claims Act (FTCA).

Upon initial review, you do not mention Seattle Police Department Case Investigation Report #2019-347773, TCIS#2019-079 (attached).  The report indicates that Mr. Erling was the at fault driver in the accident (page 19) and that the FPS driver did not contribute to the accident.  Under the FTCA, the United States is only liable for its employees actions when their conduct would be deemed negligent under state law.

If for some reason, you were unaware of the attached report, please review and let us know if you still want us to consider the claim.

Thanks

Frank R. Levi, Attorney Advisor - Federal Protective Service
202-732-8113 (office)
202-400-0885 (cell)
202-732-0403 (fax)
frank.levi@fps.dhs.gov

This communication, along with any attachments, is covered by federal and state law governing electronic communications and may contain confidential and legally privileged information. If you are not the intended recipient, any dissemination, distribution, use or copying of this message and any attachment is strictly prohibited. If you received this message in error, please reply immediately and delete the message. Thank you.

**From:** Naomi Arin <Naomi@maxmeyerslaw.com>
**Sent:** Friday, March 5, 2021 6:36 PM
**To:** OGC <ogc@HQ.DHS.GOV>
**Cc:** Max Meyers <max@maxmeyerslaw.com>; Richard Buquing <richard@maxmeyerslaw.com>
**Subject:** SF95 claim to the Department of Homeland Security-Federal Protective Service pursuant to the FTCA.

CAUTION: This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Contact your component SOC with questions or concerns.

Dear Camrin Emmons,

1                                                         **Exhibit A**

# Max Meyers

| | |
|---|---|
| **From:** | Levi, Frank <Frank.Levi@fps.dhs.gov> |
| **Sent:** | Monday, March 8, 2021 12:50 PM |
| **To:** | Naomi Arin |
| **Cc:** | Max Meyers; Richard Buquing |
| **Subject:** | RE: SF95 claim to the Department of Homeland Security-Federal Protective Service pursuant to the FTCA. |

Understood. Under the FTCA federal agencies have 6 months to review the claim during which time filing suit is prohibited.


Thanks

Frank R. Levi
Attorney Advisor - Federal Protective Service
General Law Division (Admin and Fiscal)
Office of the General Counsel
Department of Homeland Security
202-732-8113 (office)
202-400-0885 (cell)
202-732-0403 (fax)
frank.levi@fps.dhs.gov

This communication, along with any attachments, is covered by federal and state law governing electronic communications and may contain confidential and legally privileged information. If you are not the intended recipient, any dissemination, distribution, use or copying of this message and any attachment is strictly prohibited. If you received this message in error, please reply immediately and delete the message. Thank you.

---

**From:** Naomi Arin <Naomi@maxmeyerslaw.com>
**Date:** Monday, Mar 08, 2021, 2:51 PM
**To:** Levi, Frank <Frank.Levi@fps.dhs.gov>
**Cc:** Max Meyers <max@maxmeyerslaw.com>, Richard Buquing <richard@maxmeyerslaw.com>
**Subject:** RE: SF95 claim to the Department of Homeland Security-Federal Protective Service pursuant to the FTCA.

**CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Contact ICE SOC SPAM with questions or concerns.

Dear Mr. Levi,

Thank you for your prompt response. We are aware of the investigation report that you attached.
We disagree with the officer's conclusion and will move to exclude the report from any Court proceeding.

Please consider Mr. Erling's claim in accordance with the Federal Tort Claims Act (FTCA).

Best regards,

Naomi R. Arin
WSBA #52267

Exhibit B